JACOB RIEGEL AND JOHN EVERETT v. E. J. FIELDS.

No. 313.    (59 Pac. 1088.)

1. PRACTICE, DISTRICT COURT—*Supersedeas Bond—Delivery to Clerk.*  A supersedeas bond not delivered to and filed with the clerk of the court in which the judgment is rendered is not effective and no liability exists against the sureties thereon.

2. ——— *Execution Sale—Deficiency Judgment — Sureties.* An execution sale made after the filing of a proper supersedeas bond with the clerk of the district court in which the judgment was rendered and the petition in error in the supreme court are not sufficient to establish the amount of the deficiency upon the judgment or the liability of the sureties upon the supersedeas bond.

Error from Barton district court; ANSEL R. CLARK, judge.    Opinion filed February 14, 1900.    Reversed.

*D. A. Banta,* for plaintiffs in error.

*William Osmond,* and *Elrick C. Cole,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was commenced in the district court of Barton county by the defendant in error upon a supersedeas bond in the sum of $500, given in the case of Fields *v.* McCormick *et al.,* and signed by these plaintiffs in error as sureties for McCormick.

The case of Fields *v.* McCormick *et al.* was a foreclosure, and the judgment against McCormick was for a sale of the mortgaged premises and the payment of any deficiency there might be after said sale.    The mortgaged premises were sold to one C. C. Rush for the sum of $500 before the certificate of the filing of the case in the supreme court was filed with the clerk of the district court of Barton county.    The certificate

Riegel v. Fields.

was filed the next day after the sale, and no further proceedings were had thereunder. Rush was made defendant in the court below, and in his answer alleged that he was entitled to the benefit of the bond because he was thereby deprived of the use and occupation of the premises. While the case was pending in the supreme court the defendants demurred to his answer, and the demurrer was by the court sustained, and, Rush electing to stand on his demurrer, no further proceedings were had as to him.

Judgment was rendered against the plaintiffs in error for the full amount of the bond, to apply upon the deficiency judgment in Fields v. McCormick, and they bring the case here for review. We are asked to dismiss this case for the reason that Rush is not made a party herein. The petition in error in Fields v. McCormick et al. was filed in the supreme court on July 11, 1891, and the supersedeas bond was duly approved on July 7, 1891. If it was filed prior to or on July 11, 1891, the execution of the judgment would have been stayed on that day and the sale to Rush on July 13, 1891, would be void, and he would not be a necessary party to a review in this court. However, the record does not show that the supersedeas bond was ever filed. If it was not filed, then Rush has no interest in it. The motion to dismiss will be overruled and the case considered upon its merits.

The plaintiffs in error contend that the court erred in overruling their demurrer to the evidence of the plaintiff below. If the evidence failed to show that the bond was filed as required by section 594 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4848), the demurrer should have been sustained. The statute provides that the clerk of the court in

51—9 KAN. APP

which the record of such judgment or final order shall be

"shall take a written undertaking to be executed on the part of the plaintiff in error to the adverse party with one or more sufficient sureties, . . . and the execution of the undertaking and the sufficiency of the sureties must be approved by the court in which the judgment was rendered, or order made, or by the clerk thereof ; and the clerk shall indorse said approval, signed by himself, upon the undertaking and file the same in his office for the defendants in error."

If the bond was not delivered to the clerk and filed by him it never became effective, and no liability exists against the sureties thereon.   If the bond was filed on July 7, 1891, the day it was approved, then it became effective upon the filing of the petition in error in the supreme court on July 11, 1891, and the sale made July 13, 1891, was void, and in order to establish the liability of plaintiffs in error another sale must have been made to determine the amount of the deficiency remaining unpaid.

The defendant in error contends that the stay did not become operative until the certificate of the clerk of the supreme court was filed with the clerk of the district court where the judgment was rendered.   The statute nowhere makes the filing of the certificate a condition precedent to the operation of the stay of execution.   The filing of the petition in error and the filing of a proper bond are the only requirements.

The judgment of the district court is reversed and the case remanded for a new trial.